IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>BOWERS, et al.,<br><br>        Defendants. | No. 2:21-CV-1602-KJM-DMC-P<br><br><br>ORDER |

        Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  (1) R. Bowers; (2) Kathleen Allison; (3) John Novey; (4) Sgt. Rios; (5) Jeff Macomber; (6) Officer Gebheart; (7) Connie Gipson; (8) Lori Zamora; (9) Sadie Richmond; (10) Trina Hirsig; (11) Russh Boyd; (12) Kimberly Siebiel; and (13) Jennifer Weaver.  See ECF No. 1, pg. 1.  Plaintiff states the following:

> Your offer to contract for subject matter jursditiction and or summary judgement is hereby rejected and returned to you in full accord with federal truth and lending act UCC 1-308 your ordered to prove up the charges or claim or cease and desist under the color of law[.]  Any further correspondence from the sender signers agents heirs or assigns are representing me or Cymeyon V. Hill AKA Jack Rabbit Patriot are hereby fired[.]  All documents must be answerd under penalty and perjury without prejudice witout recourse UCC 1-308 without prejudice[.]  Truth affidavit by notice criminal complaint[.]  I Jack Rabbit Patriot Cymeyon V. Hill being of sound mind over the age of 21 years old have firsthand knowledge of the facts stated therein[.]  I will tell the truth and the whole truth and nothing but the truth under the pains of penalty and perjury.  I am not a created entity[,] a corporation[,] a British subject[,] a subject of the British Isles[,] a citizen of England[,] a subject of the United Kingdom[,] nor a British Common Wealth:  A citizen of the United States[,] a 14th Amendment citizen etc.  I Cymeyon V. Hill AKA Jack Rabbit Patriot am a child of the Creator YHWH an heir of the King Yesha.  And therefore my citizenship comes from Heaven while a sojourner on earth I am inhabitant of the land of the Creator YHWH[.]  My father YHWH is sovereign[.]  Therefore I am sovereign. [Plaintiff signs and continues.]  The following criminal complaint is the sole foundation of this document with attached exhibits from medical board including injuries and damages from all parties for $24 million dollars and the felony charges for federal indictment etc. Plaintiff is a civil detainee . . . . Please refer to Federal Rules of Criminal Procedure 3 demand for resolution of dispute by commercial law.  Charges
> 1. Racketeering
> 2. endangering safety
> 3. denying due process
> 4. excessive force

    5. denying medical attention
    6. falsfying medical documents
    7. conspiracy to murder civil detainee
    8. violating civil commitment
    9. fraud of contract

ECF No. 1, pgs. 2-6 (errors in original).

## II. DISCUSSION

Plaintiff's complaint fails to link any of the named defendants to a constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff lists thirteen (13) defendants but fails to accuse any of them of violating a constitutional right. Therefore, Plaintiff's original complaint shall be dismissed. Plaintiff will be given an opportunity to cure the defects by filing a first amended complaint. Upon amending, Plaintiff is advised that as to each named defendant, Plaintiff must allege which Defendant took what action that caused which specific constitutional violation.

///
///
///
///
///

3

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: December 13, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE